UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| NINA HU, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:25-CV-028-PPS-JEM |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case was just filed today. Plaintiffs are eight foreign undergraduate and graduate students at Purdue, Notre Dame, and Indiana Tech who were studying in the United States on F-1 student visas prior to the revocation of that status by the United States. Their Verified Complaint alleges a violation of the Administrative Procedure Act, 5 U.S.C. Section 706, as well as the Due Process Clause of the Fifth Amendment. Each Plaintiff has averred that they fear immediate arrest and deportation given the revocation of their F-1 student status. They have filed a Motion for Temporary Restraining Order and Preliminary Injunction [DE 5] and memorandum in support [DE 6].

Injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary and drastic" remedy that should only be granted upon a clear showing of need. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, an ex parte TRO is authorized under Rule 65(b)(1) of the Federal Rules of Civil Procedure. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012). Its purpose is to

preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 439 (1974).

Given the extraordinary risks to Plaintiffs and the likelihood of their success on the merits of their claims (at least based on what I know right now), and that the harm vastly outweighs any harm Defendants might suffer on account of a brief TRO, I **GRANT** Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [DE 5] through the end of day Tuesday, April 22, 2025, to preserve the status quo until the Court can hold a Zoom hearing that I hereby set for **Tuesday, April 22, 2025, at 3:00 p.m. Hammond/ Central Time**. To connect to the Zoom teleconference, the parties should dial 833-568-8864, enter meeting ID number 161 4768 5938#, push # to skip entry of participant ID, and enter passcode 220198# at least five minutes before the conference start time. The purpose of tomorrow's hearing will be to give the government an opportunity to be heard on Plaintiffs' request for a TRO, and provide the government, if it so requests, a chance to file a responsive pleading. The parties should also be prepared to discuss a date in the next several days for a formal hearing on Plaintiffs' request for a TRO.

If is further ORDERED as follows:

(a) Defendants are temporarily enjoined for two days from arresting and detaining Plaintiffs, transferring Plaintiffs away from the jurisdiction of this District, or removing Plaintiffs from the United States;

2

(b) Plaintiffs are not required to give security, *see* Fed. R. Civ. P. 65(c), as this Order should not result in any financial damage to Defendants.

(c) Plaintiffs are ordered to serve Defendants with this Order, so that they will be given an opportunity to participate in tomorrow's hearing.

SO ORDERED.

ENTERED: April 21, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
