UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| NINA HU, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:25-CV-028-PPS-JEM |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Yesterday I issued a two-day ex parte TRO in this matter, which expires at the end of day today, April 22, 2025, to preserve the status quo in this case until I could hold an initial hearing today on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. [*See* DE 13; DE 11.] Having heard arguments in today's hearing, in accordance with Rule 65(b)(2), I find that good cause exists to extend the temporary restraining order for an additional seven days through the end of day on **Tuesday, April 29, 2025**. I will hold an in-person hearing on this TRO that same day, on **April 29, 2025, at 10 a.m. Hammond/Central Time**.

Plaintiffs are eight foreign undergraduate and graduate students at Purdue, Notre Dame, and Indiana Tech who were studying in the United States on F-1 student status prior to the revocation of that status by the United States. Their Verified Complaint alleges a violation of the Administrative Procedure Act, 5 U.S.C. Section 706, as well as the Due Process Clause of the Fifth Amendment. Each Plaintiff has averred that they fear immediate arrest and deportation given the revocation of their F-1

1

student status. They have filed a Motion for Temporary Restraining Order and Preliminary Injunction [DE 5] and memorandum in support [DE 6].

To warrant a temporary restraining order, Plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) they will suffer irreparable harm if the temporary restraining order is not granted. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these requirements are met, I must then balance the degree of irreparable harm to the Plaintiffs against the harm Defendants or the public will suffer if the TRO is granted (or, in this case, extended). *Id*. This balancing analysis takes a sliding scale approach, meaning that "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). As is relevant here, "[t]he reasons for an extension [of a TRO] must be entered in the record." Fed. R. Civ. P. 65(b)(2).

I conclude that Plaintiffs have established all three elements to justify extension of the TRO. During today's hearing, the government argued that the termination of a student's record in the Student and Exchange Visitor Information System ("SEVIS") database is separate from termination of a student's F-1 status, which requires formal adjudication by the government through several different avenues. Plaintiffs have alleged and argued that termination of their SEVIS records are coterminous with the termination of their F-1 status. At this stage and based on the record currently before me, I find Plaintiffs have the better of this argument and have continued to demonstrate that they are likely to show that the Department of Homeland Security's ("DHS")

2

termination of their SEVIS records resulted in the termination of their F-1 student status, which was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A).

Moreover, as I recognized in my ex parte TRO yesterday, Plaintiffs have demonstrated that they will suffer irreparable harm in the absence of a TRO. Plaintiffs have made substantial financial investment in the pursuit of their education and now face disruption of their study and authorized employment. And while I expect further argument to shed light on the state of their F-1 status, the termination of their SEVIS records has suspended their ability to work and study at their universities. And the loss of F-1 status results in an even graver irreparable harm, mainly that Plaintiffs are no longer considered lawfully present in the U.S and may be at risk of detention and deportation. Finally, maintaining the status quo imposes no harm on Defendants.

ACCORDINGLY, IT IS ORDERED as follows:

(a) Defendants are temporarily enjoined from arresting and detaining Plaintiffs, transferring Plaintiffs away from the jurisdiction of this District, or removing Plaintiffs from the United States; and

(b) Plaintiffs are not required to give security, *see* Fed. R. Civ. P. 65(c), as this Order should not result in any financial damage to Defendants.

IT IS FURTHER ORDERED that this Order is effective for an additional seven days past the expiration of the previous temporary restraining order [DE 13], or up until the end of day on **Tuesday, April 29, 2025**, pursuant to Fed. R. Civ. P. 65(b)(2).

SO ORDERED.

ENTERED: April 22, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT