UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NINA HU, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:25-cv-0028-PPS-JEM |
| KRISTI NOEM, *et al.*, ) | |
| Defendants. ) | |

**Notice to the Court Concerning the Hearing on Plaintiffs' Motion for a Temporary Restraining Order**

Plaintiffs, by counsel, say that:

1. This case is set for a temporary restraining order at 10:00 a.m. (Central time) tomorrow, April 29, 2025.

2. Plaintiffs are asking that defendants be ordered to take all actions to set aside the termination of the plaintiffs' F-1 status as reflected in their SEVIS records, to restore their status, and to prevent the United States from taking any actions based on the prior termination of their status.

3. As the plaintiffs noted in their reply memorandum in support of their temporary restraining order they filed this morning, at the time of the filing 7 of the 8 plaintiffs had been informed that their status in the SEVIS system has been reinstated to "active." (Dkt. 19 n.1).

4. The plaintiffs' counsel have now been informed by the eighth plaintiff, Sebastian Carbajal, that his SEVIS record has been reactivated.

5. Counsel assumes that these actions have not been taken in response to the current temporary restraining order in effect in this case (Dkt. 16), but have been taken consistent with the reports (*see* Dkt. 19 n.1) that the United States is acting to restore the legal status of nonimmigrant foreign students around the country whose F-1 status had been terminated.

[1]

6. The plaintiffs have argued that the termination of their status in the SEVIS record-keeping system reflected a termination by the United States of their F-1 status. Accordingly, restoration of the plaintiffs' SEVIS status should reflect a restoration of their F-1 status, thus obviating the need for a hearing on the motion for temporary restraining order.

7. However, the United States has argued that the termination of the SEVIS record does not equate to termination of F-1 status.

8. There is no need to resolve the argument at this point. However, the plaintiffs remain in need of some assurance from the United States that they have valid F-1 status and they have not been able to secure that assurance.

WHEREFORE, the plaintiffs file this Notice.

Kenneth J. Falk
Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Sarah L. Burrow
LEWIS KAPPES
One American Square, Suite 2500
Indianapolis, IN 46282
317/639-1210
fax: 317/639-4882
SBurrow@lewis-kappes.com

Attorneys for Plaintiffs